# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | No. 24-1827, Novotny, et al. v. Moore, et al. |
|---|---|
| **Originating No. & Caption** | No. 1:23-cv-01295-GLR, Novotny, et al. v. Moore, et al. |
| **Originating Court/Agency** | United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | Aug. 2, 2024/Aug. 8, 2024 |
| Date notice of appeal or petition for review filed | Aug. 27, 2024 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | Aug. 7, 2024 |
| Date order entered disposing of any post-judgment motion | Aug. 8, 2024 |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ⦿ Yes         ◯ No |
| If appeal is not from final judgment, why is order appealable? N/A | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ◯ Yes | ⦿ No |

1/28/2020 SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | No. 24-1836 (4th Cir.) (cross-appeal) | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | No. 24-1799 (4th Cir.) | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiffs-Appellants challenge the constitutionality, under the Second and Fourteenth Amendments, of provisions of Maryland law restricting locations at which individuals with permits to carry firearms for self-defense may lawfully transport and/or carry firearms in public for self-defense. |
| Specifically, Plaintiffs-Appellants challenge restrictions on the ability to carry firearms in and at (1) healthcare facilities; (2) locations licensed to sell or dispense alcohol; (3) museums; (4) transit facilities and transit vehicles; and (5) State parks, State forests, or State Chesapeake forest lands. Plaintiffs also challenge the "no-carry default" rule which requires individuals carrying firearms, in the absence of a clear and conspicuous sign stating firearms are permitted to be carried, to receive express permission to wear, carry, or transport a firearm onto any private property. |
| The United States District Court for the District of Maryland granted Plaintiffs' motion for summary judgment as to the no-carry default rule and the restrictions on locations selling alcohol for on-site consumption. On all other issues, the court denied Plaintiffs' motion and granted the State's cross-motion for summary judgment. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the challenged restrictions upheld by the district court violate the Second and Fourteenth Amendments to the United States Constitution because they burden conduct falling within the plain text of the Second Amendment and they are inconsistent with any historical tradition of firearm regulation. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Wesley Moore, in his official capacity as Governor of Maryland<br>Attorney: Robert A Scott<br>Address: 200 St. Paul Place<br>20th Floor<br>Baltimore, MD 21202<br><br>E-mail: rscott@oag.state.md.us<br><br>Phone: 1-410-576-7055 | Adverse Party: Alison M. Healey, in her official capacity as States Attorney for Hartford County, M<br>Attorney: Robert A Scott<br>Address: (See above)<br><br><br><br>E-mail: (See above)<br><br>Phone: (See above) |
| **Adverse Parties (continued)** ||
| Adverse Party: Scott D. Shellenberger, in his official capacity as States Attorney for Baltimore Cty, MD<br>Attorney: Robert A Scott<br>Address: (See above)<br><br><br><br>E-mail: (See above)<br><br>Phone: (See above) | Adverse Party: Ivan J. Bates, in his official capacity as States Attorney for Baltimore Cty, MD<br>Attorney: Robert A Scott<br>Address: (See above)<br><br><br><br>E-mail: (See above)<br><br>Phone: (See above) |

**Appellant** (Attach additional page if necessary.)

Name: Katherine Novotny

Attorney: David H. Thompson
Address: 1523 New Hampshire Ave. NW
Washington, D.C. 20036

E-mail: dthompson@cooperkirk.com

Phone: 202-220-9601

Name: Sue Burke

Attorney: David H. Thompson
Address: (See above)

E-mail: (See above)

Phone: (See above)

**Appellant (continued)**

Name: Esther Rossberg

Attorney: David H. Thompson
Address: (See above)

E-mail: (See above)

Phone: (See above)

Name: Maryland Shall Issue, Inc.

Attorney: David H. Thompson
Address: (See above)

E-mail: (See above)

Phone: (See above)

Signature: /s/ David H. Thompson        Date: 9/4/2024

Counsel for: Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:        Date:

## ADDITIONAL PARTIES ADDENDUM

**Adverse Parties (continued):**

Adverse Party: Col. Roland L. Butler, Jr., in his official capacity as Superintendent of the Maryland State Police

Attorney: Robert A. Scott
Address: 200 St. Paul Place,
         20th Floor
         Baltimore MD 21202

Email: rscott@oag.state.md.us
Phone: (410) 576-7055

Adverse Party: Paul J. Wiedefeld, in his official capacity as Secretary of Transportation

Attorney: Robert A. Scott
Address: (see above)

Email: (see above)
Phone: (see above)

Adverse Party: Joshua Kurtz, in his official capacity as Secretary of Natural Resources

Attorney: Robert A. Scott
Address: (see above)

Email: (see above)
Phone: (see above)

**Appellants (continued):**

Name: Second Amendment Foundation
Attorney: David H. Thompson
Address: 1523 New Hampshire Ave. NW
         Washington, D.C. 20036

Email: dthompson@cooperkirk.com
Phone: (202) 220-9601

Name: Firearms Policy Coalition
Attorney: David H. Thompson
Address: (see above)

Email: (see above)
Phone: (see above)