**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



October 22, 2025

**<u>Via CM/ECF</u>**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

      **RE:**    Response to Notice of Supplemental Authority, *Kipke v. Moore*, No. 24-1799 (L), *Novotny v. Moore*, No. 24-1827

Dear Ms. Anowi,

Plaintiffs respond to the State's letter (Doc. 81) regarding *Koons v. Att'y Gen.*, --- F.4th ----, 2025 WL 2612055 (3d Cir. Sept. 10, 2025), as amended (Sept. 17, 2025). *Koons* correctly struck down New Jersey's default rule presumptively banning firearms on private property, Majority at 88, and rejected the state's proprietorship argument, *id.* at 84, but it effectively nullifies the Second Amendment in other contexts, as Judge Porter thoroughly demonstrated in his dissent. The majority's analysis was deeply flawed, and it should not be followed.

As Judge Porter explained, *Koons* "obliterat[ed] public carry almost entirely wherever people congregate," without even considering whether historical tradition could support "the *cumulative* burden of" New Jersey's bans. Dissent at 59. To do so, the majority deployed "heavy and indiscriminate reliance on questionable Gilded-Age evidence," which it justified by invoking whatever "interpretive principles" were necessary to "simply fast-forward[]" past the Founding to the late-19th century. *Id.* at 12–13, 23–24. It repeatedly applied "flexible" analysis—deriving exceptionally "broad principles" "at a high level of generality"—which "has no provenance in *Bruen*." *Id.* at 8, 11, 69–70. It discovered at least twenty-three abstract, historically unsupported "principles," with "astonishing number, breadth, and generality," excusing bans anywhere "vulnerable" people might be or anywhere people gather for "cultural" or "communal" purposes. *Id.* at 2–4. And, as if *Bruen* did not exist, it espoused a Second Amendment doctrine that would allow banning guns "nearly everywhere that ordinary human action occurs." *Id.* at 4. But as Judge Porter explained, a valid historical principle must "comport[] with [the] Second Amendment" itself. *Id.* at 2. A law that *disarms* individuals *for their protection* without correspondingly securing the location from the illegal carriage of firearms is in irreconcilable conflict with the most fundamental of "principles underlying the Second Amendment." *United States v. Rahimi*, 602 U.S. 680, 692 (2024); *see* Pls.' Opening Br. at 27–29.

The plaintiffs in *Koons* have petitioned for rehearing en banc. This Court should hold that all of Maryland's locational restrictions and the No-Carry Default violate the Second Amendment. *See* Pls.' Resp./Reply Br. at 31–56.

October 22, 2025
Page 2

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ John Parker Sweeney* | */s/ David H. Thompson* |
| John Parker Sweeney | David H. Thompson |
| Counsel for *Kipke* Plaintiffs | Counsel for *Novotny* Plaintiffs |

cc: All counsel of record (via CM/ECF)