**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



October 22, 2025

**<u>Via CM/ECF</u>**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

      **RE:**    Response to Notice of Supplemental Authority, *Kipke v. Moore*, No. 24-1799 (L), *Novotny v. Moore*, No. 24-1827

Dear Ms. Anowi,

The Seventh Circuit decision cited by the State (Doc. 82) upheld Illinois' public-transit ban under five rationales. *Schoenthal v. Raoul*, --- F.4th ----, 2025 WL 2504854 (7th Cir. Sept. 2, 2025). None justifies Maryland's public-transit ban.

**Crowds.** "[T]here is no historical basis" to ban firearms because a place "is crowded." *NYSRPA v. Bruen*, 597 U.S. 1, 31 (2022). *Schoenthal* impermissibly concluded otherwise, Slip Op. 26–28, by relying on Northampton-style laws that forbade only terrorizing conduct, not peaceable carry, Pls.' Resp./Reply at 24–25, a single 1817 ordinance that applied only in New Orleans, *id.* at 26–27, and Reconstruction Era laws far-too-late to establish tradition, *id.* at 11.

**Vulnerable People.** *Schoenthal* erred by holding that "the presence of children" supported Illinois' ban because they are "vulnerable." Slip Op. at 38. A historical analogy must be consistent with the "principles underlying the Second Amendment," *United States v. Rahimi*, 602 U.S. 689, 692 (2024), and the presence of "vulnerable populations" militates *in favor* of carry by peaceable citizens, Pls.' Resp./Reply at 21–24.

**Government Proprietorship.** As Plaintiffs have explained, *id.* at 28–31, it cannot be "a relevant characteristic" that "public transit is owned and operated by the government," Slip Op. at 38–40.

**Private Railroad Rules.** Slip Op. at 43–47. Contrary to *Schoenthal*'s claim, *id.* at n.27, *Bruen* and *Rahimi* analogized to *government* restrictions—statutes, regulations, and ordinances. Private actors are not bound by the Constitution, and their rules are not informative about the Second Amendment. Regardless, those rules are not similar to Maryland's ban in purpose or burden. Pls.' Resp./Reply at 33–34.

**The First Amendment.** Slip Op. at 48–49. The time, place, and manner doctrine is interest-balancing. *McCullen v. Coakley*, 573 U.S. 464, 486 (2014). It has no place in Second Amendment analysis. *Bruen*, 597 U.S. at 19.

Touting its own value judgment that firearms are too risky for crowds, *Schoenthal* ignored the Founders' expectation (and incentivization) of armed-carriage in transit. Pls.' Opening Br. at 43–44. The Founders understood that peaceable arms carriage *protects* Americans, and they ratified the Second Amendment with that aim.

October 22, 2025
Page 2

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ John Parker Sweeney* | */s/ David H. Thompson* |
| John Parker Sweeney | David H. Thompson |
| Counsel for *Kipke* Plaintiffs | Counsel for *Novotny* Plaintiffs |

cc: All counsel of record (via CM/ECF)