**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



October 22, 2025

**<u>Via CM/ECF</u>**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

      **RE:**    Response to Notice of Supplemental Authority, *Kipke v. Moore*, No. 24-1799 (L), *Novotny v. Moore*, No. 24-1827

Dear Ms. Anowi,

Plaintiffs respond to the State's letter (Doc. 83) regarding *Frey v. City of New York*, --- F.4th ----, 2025 WL 2679729 (2d Cir. Sept. 19, 2025), which upheld New York's law banning firearms in places and instrumentalities of "public transportation." This Court should not follow *Frey*'s incorrect exposition of Second Amendment principles.

*Frey* was not writing on a blank slate. The Second Circuit had already held—incorrectly—that Reconstruction Era evidence is "at least as relevant as evidence from the Founding Era." *Antonyuk v. James*, 120 F.4th 941, 988 n.36 (2d Cir. 2024); *see* Slip Op. at 13–14. Plaintiffs have explained why that methodology is incorrect, especially whenever the Founders welcomed armed self-defense in similar contexts. *See* Pls.' Opening Br. at 21–26. *Antonyuk* also recognized a purported tradition of banning firearms "in public forums and quintessentially crowded places." *Antonyuk*, 120 F.4th at 1019; *see* Slip Op. at 23. That holding was based on *Bruen*-defying readings of the Statute of Northampton and its questionable American analogues, as well as a motley assortment of outliers from the Reconstruction Era. *See Antonyuk*, 120 F.4th at 1019–22; Pls.' Resp./Reply Br. at 24–27 (addressing these sources). Against the backdrop of *Antonyuk*, *Frey* is no surprise. But its result derives from that court's prior incorrect *Antonyuk* decision—**not** from history.

*Frey*'s recognition of a generalized tradition of restricting arms in "crowded places" was error, Pls.' Opening Br. at 27–28, 37, and it failed to account for the fact that nowhere in the Founding Era were firearms restricted on public transportation. *Frey* claimed that "[t]here were no mass transit systems" at the Founding. Slip Op. at 32. But mass transit certainly existed in the forms of riverboats, ferries, and stagecoaches, where the Founders expected (and even incentivized) the carriage of arms for the defense of self and neighbor. Pls.' Opening Br. at 43–44. This Founding Era history renders *Frey* unpersuasive. This Court should hold that Maryland's mass-transit ban is unconstitutional. *See Wolford v. Lopez*, 116 F.4th 959, 1000–02 (9th Cir. 2024), *cert granted*, 2025 WL 2808808 (Oct. 3, 2025).

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
Counsel for *Kipke* Plaintiffs

Respectfully submitted,

*/s/ David H. Thompson*
David H. Thompson
Counsel for *Novotny* Plaintiffs

cc: All counsel of record (via CM/ECF)